UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMART SOLAR INC., a Wyoming corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Coleman Cable, Inc., a Delaware corporation,<br><br>　　　　　　Defendant. | Civil Action No. 14-CV-2050<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, COPYRIGHT INFRINGEMENT, AND UNFAIR COMPETITION**

Plaintiff, Smart Solar Inc., by and through its attorneys, complain of Defendant, Coleman Cable, Inc., as follows:

**The Parties**

1. Plaintiff, Smart Solar Inc. ("Smart Solar"), is a corporation organized and existing under the laws of the State of Wyoming, having its principal place of business at 1203 Loyola Drive, Libertyville, Illinois 60048.

2. Upon information and belief, Defendant, Coleman Cable, Inc. ("Coleman Cable"), is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1530 Shields Drive, Waukegan, Illinois 60085.

**Jurisdiction and Venue**

3. This is an action for trade dress infringement, copyright infringement, unfair competition, and violation of applicable, related state statutory and common law. The Action arises under the Federal Lanham Act, 15 U.S.C. §§ 1125 et seq., the

Copyright Act, 17 U.S.C. §§ 101 et seq., the Illinois Deceptive Trade Practices Act, Ill. Rev. Stat. Ch. 121½, 815 ILCS §§ 510/1 et seq., and common law.

4. This Court has jurisdiction over Defendant because, upon information and belief, Defendant transacts business within the State of Illinois and in this district and contracts to supply products in Illinois and in this district. This Court also has jurisdiction over Defendant because Defendant's principal place of business is in this district.

5. This Court has jurisdiction over the subject matter of this case pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338 and 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

**Plaintiff's Products**

6. Smart Solar is and has been engaged in the design, development, and sale of decorative birdbaths since at least 2003.

**Plaintiff's Trade Dress**

7. Smart Solar is and has been marketing and selling the Smart Solar 3058MRM1 Aquarius Birdbath Stake with Glass Orb Solar Light (the "Smart Solar Birdbath Stake product") (shown on pages 3-9 in the appended Exhibit A) in Illinois and throughout the United States in interstate commerce since at least 2010. In connection with such efforts, Smart Solar has extensively displayed and advertised the design of its Smart Solar Birdbath Stake product.

8. Smart Solar's trade dress for the Smart Solar Birdbath Stake product is inherently distinctive. Smart Solar's choices for the decorative designs for its Smart Solar Birdbath Stake product were arbitrary, and the designs are nonfunctional.

9. Smart Solar has spent substantial sums advertising and promoting the Smart Solar Birdbath Stake product, and the associated designs. Advertising has occurred in Illinois and throughout the United States, in trade publications, at trade shows, through catalogs and in-store displays, and on the Internet. Smart Solar has sold substantial quantities of the Smart Solar Birdbath Stake product in Illinois and throughout the United States.

10. As a result of Smart Solar's advertising and promotion, the trade dress used in connection with the Smart Solar Birdbath Stake product has achieved secondary meaning. The trade dress is recognized by the consuming public as signifying that Smart Solar is the source of origin for the Smart Solar Birdbath Stake product and that this product is reliable and of high quality.

11. At a minimum, Defendant markets and sells in the United States a product that makes unauthorized use of Smart Solar's trade dress for the Smart Solar Birdbath Stake product. Such products include, but are not limited to, the Coleman Cable Moonrays Backyard Bird Stake Light product (shown in the appended Exhibit B).

## Plaintiff's Copyright

12. Smart Solar is the owner of the following U.S. Copyright Registration:

"Garden Sculpture," U.S. Copyright Registration No. VA 1-797-123, having an effective registration date of November 10, 2011 (shown in Exhibit A).

For convenience, the copyright registration identified above is hereafter referred to as the "Smart Solar Copyright."

13. At a minimum, Defendant has infringed the Smart Solar Copyright by violating the exclusive rights of Smart Solar as provided in 17 U.S.C. §§ 106 through 122 or by importing copies into the United States in violation of 17 U.S.C. § 602. Such copies include, but are not limited to, the Coleman Cable Moonrays Backyard Bird Stake Light product shown in Exhibit B.

### Defendant's Willful Infringement

14. Smart Solar has not authorized or licensed Defendant to use any of Smart Solar's intellectual property, including the Smart Solar Birdbath Stake product trade dress or the Smart Solar Copyright. Defendant has no right to use Smart Solar's intellectual property.

15. Long after the introduction and initial sales of the Smart Solar Birdbath Stake product, Defendant began advertising and selling its Coleman Cable Moonrays Backyard Bird Stake Light product to the same classes of purchasers, in Illinois and in interstate commerce, to directly compete with Smart Solar.

16. As indicated by a comparison of Exhibit A and Exhibit B, which are compiled for ease of review in Exhibit C, the Coleman Cable Moonrays Backyard Bird Stake Light product is substantially similar to and, indeed, is a substantial copy of, the Smart Solar Birdbath Stake product.

17. Defendant had access to the designs of the Smart Solar Birdbath Stake product as a result of the widespread public distribution of the product by Smart Solar. Upon information and belief, the design of the Coleman Cable Moonrays Backyard Bird

4

Stake Light product was necessarily derived from the Smart Solar Birdbath Stake product.

18. Defendant also made marketing materials that display the Coleman Cable Moonrays Backyard Bird Stake Light product. Upon information and belief, such marketing materials are derived from Smart Solar's design.

19. Defendant unlawfully reproduced Smart Solar's design for at least the Coleman Cable Moonrays Backyard Bird Stake Light product. Defendant distributed this design throughout the United States, including Illinois.

20. Upon information and belief, Defendant knew not only of the Smart Solar Birdbath Stake product design and associated trade dress, but also knew the nature and depth of consumer identification of the design with Smart Solar. Such knowledge by Defendant was a result, at least in part, of the widespread distribution and advertisement of the Smart Solar Birdbath Stake product. Defendant's use of Smart Solar's design was done willfully, with an illicit intent to trade and capitalize on Smart Solar's trade dress and goodwill.

**Likely Confusion, Deception, and Mistake**

21. Defendant's infringing use of Smart Solar's design in Illinois and throughout the United States in interstate commerce was and is likely to cause confusion, deception, and mistake as to source, sponsorship or affiliation with Smart Solar.

22. Smart Solar's ability to use and to continue expanding the use of its trade dress, in Illinois and throughout the United States in interstate commerce, is being substantially impaired by Defendant's use of Smart Solar's design.

**COUNT ONE**
**Federal Trade Dress Infringement**

23. As its first ground for relief, Smart Solar claims violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal trade dress infringement. Smart Solar re-alleges the allegations of paragraphs 1 through 22 as if set forth fully here.

24. The Smart Solar Birdbath Stake product incorporates various non-functional elements which, when taken together, establish an inherently distinctive trade dress. Because of Smart Solar's established use of its distinctive trade dress in connection with, *inter alia*, the Smart Solar Birdbath Stake product, the relevant public has come to associate those goods as being exclusively Smart Solar's, establishing secondary meaning in the trade dress.

25. Defendant intentionally copied and simulated Smart Solar's trade dress by incorporating the same non-functional design features in at least the Coleman Cable Moonrays Backyard Bird Stake Light product, thereby providing the commercial impression that such goods emanate from and are associated with Smart Solar. Defendant's use of Smart Solar's trade dress constitutes a false designation of origin in interstate commerce under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Such use of Smart Solar's trade dress deceives, and is intentionally designed to deceive, the relevant public into believing that Defendant's goods are in some manner affiliated, connected, or associated with Smart Solar.

26. Such acts have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Solar has no adequate remedy at law.

## COUNT TWO
### Federal Unfair Competition

27. As its second ground for relief, Smart Solar claims violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal unfair competition. Smart Solar re-alleges paragraphs 1 through 26 as if set forth fully here.

28. Defendant's misappropriation of Smart Solar's trade dress constitutes use of a false designation of origin in interstate commerce. This designation wrongfully and falsely designates, describes, or represents Defendant's products as originating from, or being connected with, Smart Solar. Such actions by Defendant were and are likely to cause confusion as to Defendant's affiliation, connection, or association with Smart Solar.

29. Such acts have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Solar has no adequate remedy at law.

## COUNT THREE
### Common Law Unfair Competition

30. As its third ground for relief, Smart Solar claims common law unfair competition. Smart Solar re-alleges paragraphs 1 through 29 as if fully set forth here.

31. The aforesaid acts of Defendant constitute acts designed to unfairly compete with and to usurp Smart Solar's business in solar-powered bird baths, to the detriment of Smart Solar.

32. As a result of Defendant's actions, Defendant has misappropriated valuable property rights of Smart Solar, is trading on the goodwill symbolized by Smart Solar's distinctive trade dress, and is thereby likely to confuse and deceive members of the relevant purchasing public, all in violation of the Illinois common law of unfair competition.

33. Such acts have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Solar has no adequate remedy at law.

**COUNT FOUR**
**Violation of the Illinois Deceptive Trade Practices Act**

34. As its fourth ground for relief, Smart Solar asserts violation of the Illinois Deceptive Trade Practices Act, Ill. Rev. Stat. Ch. 121½, 815 ILCS §§ 510/1 et seq. Smart Solar re-alleges paragraphs 1 through 33 as if fully set forth here.

35. Defendant has violated the Illinois Deceptive Trade Practices Act by passing off its goods as those of Smart Solar, and by causing a likelihood of confusion or of misunderstanding among the public in Illinois as to the source, sponsorship, approval or certification of its goods, to the detriment of Smart Solar.

36. Such acts have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Solar has no adequate remedy at law.

## COUNT FIVE
### Federal Copyright Infringement

37. As its fifth ground for relief, Smart Solar asserts infringement under the federal copyright statute, 17 U.S.C. § 101 et seq. Smart Solar re-alleges the allegations of paragraphs 1 through 36 as if set forth fully here.

38. Defendant has directly infringed the Smart Solar Copyright, among other activities, by the reproduction of the Smart Solar Birdbath Stake product or the importation of copies of the Smart Solar Birdbath Stake product.

39. Defendant's infringement, contributory infringement and/or inducement to infringe has injured Smart Solar, and Smart Solar is entitled to recover damages adequate to compensate it for such infringement, but in no event less than statutory damages.

40. Such acts have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Solar has no adequate remedy at law.

**WHEREFORE, Smart Solar requests:**

A. That Defendant be found to have willfully infringed the Smart Solar Birdbath Stake product trade dress and the Smart Solar Copyright, and to have willfully engaged in unfair competition and deceptive trade practices.

B. The issuance of a permanent injunction, enjoining and restraining Defendant, its agents, employees, attorneys, successors, companies, and assigns, and all persons and organizations in privity or active concert or participation with it:

      i. from further infringement with respect to Smart Solar's trade dress for the Smart Solar Birdbath Stake product; and

      ii. from further unfair competition and deceptive trade practices with respect to Smart Solar; and

      iii. from further infringement with respect to the Smart Solar Copyright; and

C. That, pursuant to 15 USC § 1118, Defendant deliver up for destruction all products (including birdbaths and marketing material), and all means used for production thereof, that are in the possession, custody or control of Defendant and that bear any of the infringing designs, or that otherwise give rise to a likelihood of confusion, mistake, or deception with respect to Smart Solar's trade dress; and that Defendant be ordered to modify accordingly the content of its website and other Internet-related marketing.

D. That, pursuant to 17 U.S.C. § 503, the Court order the impounding of all copies made or used in violation of Smart Solar's exclusive rights, of all plates, molds, matrices, masters, or other articles by means of which such copies may be reproduced, and of all records documenting the manufacture, sale, or receipt of things involved in any such violation, and that the Court order the destruction of all copies made or used in violation of Smart Solar's exclusive rights and of all plates, molds, matrices, masters, or other articles by means of which such copies may be reproduced.

E. That Smart Solar be awarded monetary relief in an amount to be determined by the Court, including:

      i. Reasonable attorney fees, pursuant to 17 U.S.C. § 505;

      ii. Damages adequate to compensate Smart Solar for the copyright infringement that has occurred, but in no event less than the damages as permitted by 17 U.S.C. §§ 412 and 504; and that such damages be increased because of the willful nature of Defendant's copyright infringement;

      iii. Profits received by Defendant from the sales made as a result of its trade dress infringement and unfair competition and its violations of Illinois statutory and common law;

      iv. Damages sustained by Smart Solar as a result of Defendant's trade dress infringement and unfair competition and its violations of Illinois statutory and common law, and that such profits and/or damages be increased, due to the willful nature of Defendant's actions;

      v. Interest on the award to Smart Solar, including pre-judgment interest; and

      vi. Punitive damages, attorney fees and costs due to the willful nature of Defendant's actions.

F. That Defendant be directed to file with the Court and serve on Smart Solar, within thirty days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

G. Such other and further relief as the Court may deem just and reasonable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues so triable.

                                                        Respectfully submitted,

                                                        SMART SOLAR INC.

Date: March 24, 2014

                                                        By: s/ Eric R. Moran
Bradley J. Hulbert (ID No. 3127458)
Eric R. Moran (ID No. 6275549)
Nicole E. Grimm (ID No. 6309138)
**MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP**
300 South Wacker Drive
Suite 3200
Chicago, Illinois 60606
Phone: (312) 913-0001
Facsimile: (312) 913-0002

*Attorneys for Plaintiff*